UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY F. DRAPER,

        Petitioner,        Case No. 1:13-cv-1342

v.        Honorable Gordon J. Quist

BONITA J. HOFFNER,

        Respondent.
_____/

## OPINION

This is an action for writ of habeas corpus under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

---

[1] The pleading is entitled, "Demanunden for Writ of Habeas Corpus," and it invokes 28 U.S.C. § 2241, among other statutes and rules.

**Factual Allegations**

Petitioner, Tony F. Draper, is not incarcerated by any governmental entity, but he brings this action on behalf of Leland Draper, Jr., who is incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility. Following a jury trial in the Muskegon County Circuit Court, Leland Draper was convicted of first-degree murder. On October 21, 1988, Leland Draper was sentenced to life in prison without parole.

The current demand for writ of habeas corpus consists of 88 pages of purported legal pleadings, many of which are signed with a thumbprint, including purported notices of termination, demands, counterclaims, cross-complaints, letters rogatory, self-manufactured "verified judgments," indemnity agreements, ecclesiastical deed polls, bonds and certificates from the "Republic of Michigan" under the seal of "Top Soil The County[,] Our One Universal Court[,] Preeminent Family of Eminent," together with State of Michigan ecclesiastical incorporation documents for the "Preeminent Family of Eminent." (Compl. & Attach., docket #1, Page ID##1-88.)

**Discussion**

The petition requires dismissal for numerous reasons. First, Tony Draper lacks standing to assert the constitutional rights of Leland Draper. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that section 1654 preserves a party's

right to proceed *pro se*, but only with respect to his own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Second, even if the petition had been filed by Leland Draper himself, this Court would lack jurisdiction to consider the application. Leland Draper previously filed a habeas corpus action under 28 U.S.C. § 2254 that was dismissed on the merits following full review of the state-court record. *See Draper v. Adams*, No. 1:96-cv-734 (W.D. Mich. May 5, 1998) (Op. & J.). Because Leland Draper's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), any new petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b).[2] *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). As the Sixth Circuit has issued no such authorization, the Court lacks jurisdiction to consider the requested relief.

Third, the content of the petition is patently frivolous. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28

---

[2] A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most state prisoners' applications for writs of habeas corpus also are subject to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254, including § 2244. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Because the instant petition seeks relief from custody under a state court judgment, the action is governed by § 2254.

U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The instant petition relies solely on inapplicable federal and state statutes and rules or asserts rights granted by a wholly manufactured sovereign entity: the Preeminent Family of Eminent. The petition implicates no federal constitutional right.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to present a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: January 22, 2014                                      /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                                       UNITED STATES DISTRICT JUDGE